[No. A106305. First Dist., Div. Five. Mar. 10, 2005.]

LISA HONIG, Plaintiff and Appellant, v.
SAN FRANCISCO PLANNING DEPARTMENT et al., Defendants and
Respondents;
DAVID ROBINS et al., Real Parties in Interest and Respondents.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

## Counsel

Wiegel & Fried, Clifford E. Fried and John P. Baba for Plaintiff and Appellant.

Dennis J. Herrera, City Attorney, Judith A. Boyajian and Sarah E. Owsowitz, Deputy City Attorneys for Defendants and Respondents.

Reuben & Junius, Joel Yodowitz and Tuija I. Catalano for Real Parties in Interest and Respondents.

## Opinion

**SIMONS, J.**—After the neighbors of Lisa Honig (appellant) obtained a variance and building permit authorizing an expansion of the size of their home, appellant unsuccessfully appealed those decisions to the board of appeals.[1] Appellant then petitioned for a writ of administrative mandate against defendants and respondents, the planning department and the board of appeals (defendants), and real parties in interest and respondents, David Robins and Marge Chambers (real parties).[2] Respondents demurred to the petition on the ground that it was barred by the statute of limitations set out in Government Code section 65009, and the demurrers were sustained without leave to amend.

On appeal to this court, appellant contends that, as to the building permit decision, her petition was timely. Alternatively, she contends the

---

[1] All departments, boards and commissions referred to herein are within the City and County of San Francisco (the City).

[2] Defendants and real parties are collectively referred to as respondents.

board of appeals should be estopped from asserting the statute of limitations because she was deliberately misled regarding the applicable limitations period. We disagree. Government Code section 65009 applies to a writ petition challenging issuance of a building permit issued in conjunction with a zoning variance, if the gravamen of the petition is that the *variance* was improperly granted. Because appellant failed to comply with section 65009, the petition was not timely. In addition, we conclude that appellant should not have been misled regarding the limitations period, and we reject her estoppel argument.

### BACKGROUND

■ We review an order sustaining a demurrer without leave to amend de novo, exercising our independent judgment as to whether, as a matter of law, the complaint (in this case, the petition) states a cause of action on any available legal theory. (See *Lazar v. Hertz Corp.* (1999) 69 Cal.App.4th 1494, 1501 [82 Cal.Rptr.2d 368].) In doing so we assume the truth of all material factual allegations, and we are required to accept them as such, together with those matters subject to judicial notice.[3] (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) ■ Statutory interpretation is a question of law subject to our independent review. (*Sacramento Brewing Co. v. Desmond, Miller & Desmond* (1999) 75 Cal.App.4th 1082, 1085 [89 Cal.Rptr.2d 760].) ■ A demurrer is properly sustained without leave to amend where the pleading discloses on its face that the action is barred by the applicable statute of limitations. (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1204 [51 Cal.Rptr.2d 328].) With these principles in mind, we report the facts as stated in the petition and matters judicially noticed.

Appellant and real parties are the owners of adjoining residential properties in the City's Bernal Heights neighborhood.

In April 2002, real parties applied to the planning department for a variance to increase the useable floor area and add two small balconies and a bay window to the rear of their property. In July 2002, the planning department's zoning administrator issued a written decision granting the variance, which appellant appealed to the board of appeals. On December 18, 2002, the board of appeals issued its decision to uphold the variance.

---

[3] This court has previously granted requests for judicial notice of section 4.106 of article 4 of the San Francisco Charter (Charter), section 14 of article 1 of the San Francisco Business and Tax Regulation Code, section 305 of the San Francisco Planning Code (Planning Code), the building permit for the subject property approved in February 2003, and the July 2002 variance decision. We decline defendants' request that we take permissive judicial notice of a State Bar of California "attorney profile" of appellant. (Evid. Code, § 452, subd. (h).)

In July 2002, shortly after the planning department granted the variance, real parties applied to the department of building inspection[4] for a building permit for the rear extension and balcony work authorized by the variance. In August 2002, appellant filed with the planning commission a request for discretionary review of real parties' building permit application.[5] On December 5, 2002, following a hearing, the planning commission denied appellant's request for discretionary review. In February 2003, the department of building inspection issued the building permit application. Attached to the application was a sheet entitled "CONDITIONS AND STIPULATIONS," signed by planning department personnel which stated, "APPROVED: For rear extension [and] balconies per plans [and] variance No. 20020377V upheld on appeal."

In March 2003, appellant appealed the issuance of the building permit to the board of appeals, arguing that the variance would allow real parties to create a "code violation" resulting in a fire hazard. In May 2003, the board of appeals upheld the issuance of that permit, and, on June 10, 2003, issued its "Notice of Decision [and] Order" to that effect.

On September 8, 2003, appellant filed her petition for writ of administrative mandate pursuant to Code of Civil Procedure sections 1085 and 1094.5 challenging the variance and building permit decisions. The petition alleges, inter alia, that defendants' decisions were an abuse of discretion because: (1) the decisions conflicted with the purpose and requirements of the Planning Code; and (2) the decisions created a "governmentally sanctioned code violation upon [appellant's] premises and a nuisance to her property." The petition sought to set aside the decisions granting and upholding the variance and to order real parties to remove the portions of their construction authorized under the variance or which created a code violation and nuisance on appellant's premises.

In November 2003, respondents demurred to appellant's petition. The demurrers asserted that the petition was time-barred pursuant to Government Code section 65009, subdivision (c)(1)(E) because it was not filed *and served* within 90 days of the decisions of the board of appeals upholding the variance and the building permit. At the demurrer hearing, appellant conceded that as to the board of appeals decision on the variance, her petition was not timely filed or served, and withdrew her petition as to that decision.[6] The court sustained the demurrers because appellant failed to timely serve the

---

[4] The department of building inspection was not named as a respondent in appellant's petition and is not a party to this appeal.

[5] It appears that appellant's request for a discretionary review was made pursuant to section 311 of article 3 (zoning procedures) of the Planning Code.

[6] The variance decision is not at issue on appeal.

petition within 90 days after the decision of the board of appeals became final, June 10, 2003.[7]

*Statutory Scheme*

Section 65009 is located in division 1 (Planning and Zoning) of title 7 (Planning and Land Use) of the Government Code. It is intended " 'to provide certainty for property owners and local governments regarding decisions made pursuant to this division' (§ 65009, subd. (a)(3)) and thus to alleviate the 'chilling effect on the confidence with which property owners and local governments can proceed with projects' (*id.*, subd. (a)(2)) created by potential legal challenges to local planning and zoning decisions." (*Travis v. County of Santa Cruz* (2004) 33 Cal.4th 757, 765 [16 Cal.Rptr.3d 404, 94 P.3d 538].)

■ To this end, Government Code section 65009, subdivision (c) establishes a short, 90-day statute of limitations, applicable to both the filing and service of challenges to a broad range of local zoning and planning decisions. (*Gonzalez v. County of Tulare* (1998) 65 Cal.App.4th 777, 782–783, 786 [76 Cal.Rptr.2d 707] [construing former § 65009, subd. (c) which contained a 120-day limitations period (Stats. 1987, ch. 218, § 1, p. 1190)].) "Requiring an aggrieved citizen to file an action within 90 days but permitting him or her to withhold service for months or even years would effectively suspend the effective date of local land use and development decisions and leave such matters at the mercy of the complainant." (*Gonzales*, at p. 790, fn. omitted.) After expiration of the limitations period, "all persons are barred from any further action or proceeding." (§ 65009, subd. (e); see *Travis v. County of Santa Cruz, supra,* 33 Cal.4th at p. 766.) By its terms, section 65009 applies to charter cities, such as the City. (§ 65009, subd. (f).)

As relevant in this case, Government Code section 65009, subdivision (c)(1) provides: "Except as provided in subdivision (d),[8] no action or proceeding shall be maintained in any of the following cases by any person unless the action or proceeding is commenced and service is made on the legislative body within 90 days after the legislative body's decision: [¶] . . . [¶] (E) To attack, review, set aside, void, or annul any decision on the matters listed in Sections 65901 and 65903, or to determine the reasonableness,

---

[7] The trial court assumed, without deciding, that appellant's petition from the building permit decision was timely *filed.*

[8] Government Code section 65009, subdivision (d) creates a one-year statute of limitations for certain actions brought in support of affordable housing developments. Appellant does not contend that her administrative mandate petition comes within subdivision (d).

legality, or validity of any condition attached to a variance, conditional use permit, or any other permit."

■ "Government Code sections 65901 and 65903 provide for hearing and decision on, and administrative appeals concerning, applications for variances, conditional use permits, and other permits." (*Travis v. County of Santa Cruz, supra,* 33 Cal.4th at p. 766, fn. 2.) Section 65903 provides, "A board of appeals, if one has been created and established by local ordinance, shall hear and determine appeals from the decisions of the board of zoning adjustment or the zoning administrator, as the case may be. Procedures for such appeals shall be as provided by local ordinance. Such board may reverse or affirm, wholly or partly, or may modify the order, requirement, decision or determination appealed from, and may make such order, requirement, decision, or determination as should be made, and such action shall be final." In its Charter, the City created the board of appeals to hear and decide appeals regarding the issuance of permits. (Charter, § 4.106(a) & (b).)[9]

I.  *The Petition Is Subject to the Statute of Limitations in Government Code Section 65009, Subdivision (c)(1)(E)*

■ Government Code section 65009, subdivision (c)(1)(E) applies, among other things, to legal challenges that seek to "attack, review, set aside, void, or annul any decision on the matters listed in Section[] . . . 65903." By its terms, section 65903 only lists a board of appeal's determination of an appeal from "the board of zoning adjustment or the zoning administrator." Since the board of appeals decision challenged here did not originate with the zoning board or zoning administrator, appellant argues that it is not one of the "matters listed in Section[] . . . 65903," and, so, should not be subject to the limitations period of section 65009. ■ In construing a statute, we undertake a familiar task. Our primary goal is to implement the legislative purpose, and, to do so, we may refuse to enforce a literal interpretation of the enactment if that interpretation produces an absurd result at odds with the legislative goal. (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299]; *People v. Belton* (1979) 23 Cal.3d 516, 526 [153 Cal.Rptr. 195, 591 P.2d 485]; *Lujan v. Minagar* (2004) 124 Cal.App.4th 1040, 1044 [21 Cal.Rptr.3d 861].)

---

[9] Charter section 4.106(b) provides: "The [board of appeals] shall hear and determine appeals with respect to any person who has been denied a permit or license, or whose permit or license has been suspended, revoked or withdrawn, or who believes that his or her interest or the public interest will be adversely affected by the grant, denial, suspension or revocation of a license or permit, except for a permit or license under the jurisdiction of the Recreation and Park Commission or Department, or the Port Commission, or a building or demolition permit for a project that has received a permit or license pursuant to a conditional use authorization."

■ The short limitations period provided by Government Code section 65009, subdivision (c) serves the important legislative purpose of permitting the rapid resolution of legal challenges to local zoning and planning decisions. (§ 65009, subd. (a)(2).) "The express and manifest intent of section 65009 is to provide local governments with certainty, after a short 90-day period for facial challenges, in the validity of their zoning enactments" and their zoning and planning decisions. (*Travis v. County of Santa Cruz, supra,* 33 Cal.4th at p. 774.) This delay reduction measure was deemed by the Legislature to be "essential" in dealing with the housing crisis in our state. (§ 65009, subd. (a)(1).) Appellant's argument that Government Code section 65903 is inapplicable in our case is illogical and adopting it would undermine the statutory purpose.

Routinely, a party who obtains a variance then obtains a building permit consistent with that variance to perform the approved work. The particular facts of this case are revealing. The attack on the building permit is, in reality, nothing more than a challenge to the variance. The petition states the approval of the building permit was "based on the granting of the variance," and, in her challenge to this permit at the board of appeals, appellant argued that the "*variance*" was inappropriate. Nowhere in the petition is there any suggestion that the building permit contained a defect unrelated to the variance. Appellant contested the building permit (as well as the variance) on the ground that it violated section 242 of the Planning Code, which establishes the Bernal Heights Special Use District. The decision of the board of appeals upholding the building permit therefore involved issues of zoning and planning, and appellant's petition seeks to set aside that decision on grounds that the board of appeals violated section 242 of the Planning Code. The variance had been approved by the zoning administrator, and there is no doubt that petitioner's challenge to the variance was subject to Government Code section 65009. It would exalt form over substance to refuse to apply that section to a challenge to a different zoning and planning decision where that decision rested entirely on the variance. It would allow an opponent of the variance to delay review of that zoning and planning decision by the simple expedient of failing to promptly *serve* its challenge to the building permit.[10]

II. *Respondents Are Not Equitably Estopped*

For the first time on appeal, appellant contends that respondents should be estopped from asserting the limitations bar of Government Code section

[10] Having concluded that Government Code section 65009 governs because appellant's petition arose under Government Code section 65903, we need not address respondents' alternate contention that section 65009 applies because the petition challenges a condition attached to a permit.

65009, subdivision (c)(1)(E), because they deliberately misled her as to the applicable limitations period.

The June 10, 2003 notice of decision and order of the board of appeals received by appellant stated: "If this decision is subject to review under Code of Civil Procedure [section] 1094.5, then the time within which judicial review must be sought is governed by [section] 1094.6."[11] Code of Civil Procedure, section 1094.6 requires that a petition be filed within 90 days of an adverse decision, but says nothing about *service* of the petition for writ of mandate.

The thrust of appellant's estoppel argument is that the notice of decision and order of the board of appeals is "deceptive" because it states that the time within which judicial review must be "sought" is governed by Code of Civil Procedure section 1094.6, but provides no notice that a writ petition must be *served* pursuant to Government Code section 65009, subdivision (c)(1)(E). She argues that because the notice states that judicial review "must" be sought under Code of Civil Procedure section 1094.6, the notice "purported to address all the requirements for maintaining a legal action." She claims the board of appeals deliberately misled her by referencing the filing provisions of Code of Civil Procedure section 1094.6, "so it [could] then invoke the more stringent *filing* and *service* requirements" of Government Code section 65009, subdivision (c)(1)(E), so as to "avoid judicial review of its decisions."

"A defendant will be estopped to assert the statute of limitations if the defendant's conduct, relied on by the plaintiff, has induced the plaintiff to postpone filing the legal action until after the statute has run. [Citation.]" (*Mills v. Forestex Co.* (2003) 108 Cal.App.4th 625, 652 [134 Cal.Rptr.2d 273].) The elements of equitable estoppel are: (1) the party to be estopped must be apprised of the facts; (2) that party must intend that his or her conduct be acted on, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and (4) the party asserting the estoppel must reasonably rely on the conduct to his or her injury. (*Id.* at p. 655.)

---

[11] Code of Civil Procedure section 1094.6 provides in relevant part: "(a) Judicial review of any decision of a local agency, other than school district, as the term local agency is defined in Section 54951 of the Government Code, or of any commission, board, officer or agent thereof, may be had pursuant to Section 1094.5 of this code only if the petition for writ of mandate pursuant to such section is *filed* within the time limits specified in this section. [¶] (b) Any such petition shall be *filed* not later than the 90th day following the date on which the decision becomes final. . . . [¶] . . . [¶] (g) This section shall prevail over any conflicting provision in any otherwise applicable law relating to the subject matter, unless the conflicting provision is a state or federal law which provides a shorter statute of limitations, in which case the shorter statute of limitations shall apply." (Italics added.)

■ It is well settled that " 'issues not raised in the trial court cannot be raised for the first time on appeal.' " (*Green v. Travelers Indemnity Co.* (1986) 185 Cal.App.3d 544, 555 [230 Cal.Rptr. 13], quoting *Estate of Westerman* (1968) 68 Cal.2d 267, 279 [66 Cal.Rptr. 29, 437 P.2d 517].) This rule is especially applicable to the doctrine of estoppel, which includes factual elements that must be established in the trial court. (*Green*, at p. 555.)

Even assuming the equitable estoppel issue is cognizable on appeal, it lacks merit. A similar argument was rejected by Division Four of this court in *Beresford Neighborhood Assn. v. City of San Mateo* (1989) 207 Cal.App.3d 1180 [255 Cal.Rptr. 434]. In that case, a city council granted various zoning and planning approvals for construction of a senior citizens housing project. A footnote in the city council meeting minutes stated: " 'This is a final decision concluding all administrative proceedings. Judicial review may be had only if a petition is filed with the Court not later than the 90th day following the date the decision is made.' " (*Id.* at p. 1185.) The *Beresford* appellants' complaint seeking declaratory relief and administrative mandate was not served on the city within 120 days as required by Government Code former section 65907 (as amended by Stats. 1983, ch. 1138, § 2, p. 4314 [repealed in 1996 with similar provisions being added to former § 65009 by Stats. 1996, ch. 799, §§ 2 & 6]) and former section 65009 (Stats. 1984, ch. 1685, § 1, p. 6077). The appellants argued that the city should be estopped from relying on the statute of limitations regarding service of the petition, contained within these former sections, because the notice only referred to a 90-day period for filing of a petition. (*Beresford*, at p. 1186.) In rejecting the argument, the court stated, the appellants "cannot plausibly claim that they failed to effect timely service because they were misled by this notice. The notice did not indicate that a timely filing would be sufficient to secure judicial review. It did not purport to address any other requirements for maintaining a legal action, nor did it state that failure to comply with such requirements would be excused. We therefore conclude that the city is not equitably estopped from invoking the applicable statutes of limitation." (*Id.* at pp. 1186–1187.)

As in *Beresford*, nothing in the language of the notice of the Board of Appeals, or in the Code of Civil Procedure sections referenced in that notice, directed appellant to apply an incorrect and untimely limitations period to filing or serving her petition. Contrary to appellant's assertion, the notice did not indicate that timely filing of her petition would be sufficient to obtain judicial review, did not purport to address the requirements for serving the petition, and did not state that failure to comply with any service requirements would be excused. Moreover, subdivision (g) of Code of Civil Procedure section 1094.6 (the limitations statute referenced in the notice) cautions that section 1094.6 "shall prevail over any conflicting provision in

any otherwise applicable law relating to the subject matter, unless the conflicting provision is a state or federal law which provides a shorter statute of limitations, in which case the shorter statute of limitations shall apply." This subdivision was sufficient to put appellant on notice that a conflicting, shorter limitations provision relating to the subject matter might exist. In addition, appellant has failed to provide any authority for her assertion that the board of appeals was required to notify her of the actual statutory provisions controlling the limitations period for her petition challenging its building permit decision.

### DISPOSITION

The dismissal of appellant's petition is affirmed. Costs on appeal shall be awarded to all respondents.

Stevens, Acting P. J., and Gemello, J., concurred.