[No. C066203. Third Dist. Feb. 24, 2012.]

DAVID OKASAKI et al., Plaintiffs and Appellants, v.
CITY OF ELK GROVE et al., Defendants and Respondents;
CHISORUM OKWUOSA et al., Real Parties in Interest and Respondents.

COUNSEL

Jerry Sandefur for Plaintiffs and Appellants.

Best Best & Krieger and Stacey N. Sheston for Defendants and Respondents.

No appearance for Real Parties in Interest and Respondents.

OPINION

MAURO, J.—Appellants David and Cathryn Okasaki petitioned for a writ of administrative mandamus against the City of Elk Grove, the Elk Grove City Council (collectively the City), and real parties in interest Chisorum and Emmanuel Okwuosa. The writ petition challenged a variance issued by the City of Elk Grove allowing the Okwuosas to build a pool and spa within a setback bordering the Okasakis' property. The trial court, among other things, sustained the City's demurrer to three of the Okasakis' causes of action without leave to amend, ruling that the first and second causes of action were barred by the applicable statute of limitations (Gov. Code, § 65009), and that the third cause of action failed to state a claim.

The Okasakis contend on appeal that their first and second causes of action, which challenge the City's approval of the variance, are not barred by the 90-day limitations period set forth in Government Code section 65009. They argue that Government Code section 65009 must be harmonized with Code of Civil Procedure section 1094.6, subdivision (d), which provides that if a petitioner makes a timely request to the local agency for the administrative record, the limitations period is extended to the 30th day following delivery of the record. The Okasakis contend that because they made a timely request to the City for the administrative record, and the City has not yet provided the record, their first and second causes of action are not barred.[1]

---

[1] In their opening brief on appeal, the Okasakis also suggest that the trial court erred in sustaining their third cause of action without leave to amend. This contention is forfeited, however, because they do not provide any argument or citation to authority in support of their contention. (Cal. Rules of Court, rule 8.204(a)(1)(B); *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295 [240 Cal.Rptr. 872, 743 P.2d 932]; *City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239–1240 [126 Cal.Rptr.2d 178].)

We conclude that Government Code section 65009 applies more specifically to this particular challenge to the City's variance decision, and that Code of Civil Procedure section 1094.6 does not extend the limitations deadline on these particular facts.

We will affirm the judgment.

## BACKGROUND

In reviewing an order sustaining a demurrer without leave to amend, we assume the truth of all material factual allegations, together with those matters subject to judicial notice. (*Honig v. San Francisco Planning Dept.* (2005) 127 Cal.App.4th 520, 524 [25 Cal.Rptr.3d 649]; see also *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].)

The Okwuosas own property in a rural area of Elk Grove known as "The Shires" project, a residential development consisting of 12 two-acre residential home sites. The Okasakis own property adjacent to the Okwuosa property and have lived there for more than 25 years.

In April 2009, the Okwuosas requested a permit to build a swimming pool and spa on the northern portion of their property. The City issued a permit and the Okwuosas started construction. But after a code enforcement complaint was filed, it was determined that the pool and spa would encroach into the 75-foot building setback required for the parcel. Construction on the project stopped.

The Okwuosas filed an action for declaratory relief in federal court against the City and others. They also applied to the city planning commission for a variance allowing them to construct the pool and spa. The Okwuosas subsequently settled with the City and voluntarily dismissed the federal lawsuit without prejudice. Nonetheless, the planning commission denied the Okwuosas' variance request despite staff recommendation to the contrary. The Okwuosas appealed the denial to the city council. The Okasakis asked council members to disqualify themselves from hearing the appeal, arguing that the settlement of the federal lawsuit created a conflict of interest. The disqualification request was denied.

Following a public hearing on August 26, 2009, the city council approved the variance. The Okwuosas were allowed to construct a swimming pool and spa within the setback, 50 feet from the property line.

On December 9, 2009, more than 90 days after the city council approved the variance, the Okasakis filed a petition for writ of administrative mandamus pursuant to Code of Civil Procedure sections 1094.5 and 1088.5. The City demurred and the Okasakis filed a first amended petition.

Among other things, the first amended petition asserted a first cause of action alleging that the City failed to make the requisite factual findings and granted the variance on improper grounds; a second cause of action alleging that the City abused its discretion and violated state and local land use law by issuing the variance; a third cause of action alleging that the City had a conflict of interest created by the settlement of the federal lawsuit; and a fourth cause of action alleging violation of the Ralph M. Brown Act (Gov. Code, § 54950 et seq.). The Okasakis further asserted that the 90-day limitations period applicable to the first and second causes of action was extended when the Okasakis made a timely request to the City for the administrative record.

The City demurred again, arguing among other things that the first and second causes of action were barred by the 90-day limitations period and that the Okasakis could not extend the limitations period by requesting an administrative record. The City also argued that the third cause of action (asserting a conflict of interest) failed because no financial conflict was created by settlement of the federal lawsuit. In addition, the City argued that the Okasakis could not maintain their fourth cause of action for violation of the Ralph M. Brown Act because they did not make a timely demand to cure the alleged violation.

The trial court sustained the demurrer without leave to amend regarding the first three causes of action, but granted leave to amend regarding the fourth cause of action. The trial court ruled that the first and second causes of action were barred by the 90-day limitations period set forth in Government Code section 65009, and that the deadline was not extended by Code of Civil Procedure section 1094.6. It also ruled that the third cause of action failed because the settlement of the federal lawsuit did not create a prohibited conflict. Nonetheless, on the fourth cause of action, the trial court granted the Okasakis an opportunity to allege compliance with the requirements for asserting a Ralph M. Brown Act violation.

After the time allowed for amendment of the fourth cause of action expired, the trial court dismissed the petition in its entirety with prejudice.

## STANDARD OF REVIEW

We review an order sustaining a demurrer without leave to amend de novo, exercising our independent judgment as to whether, as a matter of law, the writ petition states a cause of action on any available legal theory. (*Honig v. San Francisco Planning Dept., supra,* 127 Cal.App.4th at p. 524, and cases cited therein.) Statutory interpretation is a question of law subject to our independent review. (*Ibid.*) A demurrer is properly sustained without leave to amend when the pleading discloses on its face that the action is barred by the applicable statute of limitations. (*Ibid.*)

## DISCUSSION

The Okasakis contend that the trial court erred in sustaining the City's demurrer without leave to amend as to their first and second causes of action. They concede that Government Code section 65009 establishes the limitation period for filing and serving a writ petition challenging a variance, but they argue that Government Code section 65009 must be harmonized with Code of Civil Procedure section 1094.6, subdivision (d), which provides that if a petitioner makes a timely request to the local agency for an administrative record, the limitations period is extended to the 30th day following delivery of the record. The Okasakis say they asked the City on September 2, 2009, to prepare a record of the city council proceedings, but the City did not deliver the record or stipulate to certified transcripts prepared by the Okasakis. The Okasakis argue that if the limitations deadline does not allow for such an extension, it will encourage local agencies to withhold records and transcripts in an effort to gain an advantage.

 Government Code section 65009, subdivision (c)(1)(E) mandates that an action challenging a city's approval of a variance must be commenced and served on the city within 90 days after the city's decision. Nothing in the statute provides for an extension of the deadline to secure an administrative record. The short limitations period permits the rapid resolution of legal challenges to local zoning and planning decisions. (*Honig v. San Francisco Planning Dept., supra,* 127 Cal.App.4th at p. 528.) It is intended to provide certainty for property owners and local governments and to alleviate the chilling effect created by potential legal challenges. (*Id.* at p. 526.) The statute "mandates strict compliance with the statute of limitations and service periods." (*Wagner v. City of South Pasadena* (2000) 78 Cal.App.4th 943, 950 [93 Cal.Rptr.2d 91] [holding that service of a writ petition on the 91st day after a challenged decision did not meet the statutory requirements].)

■ Code of Civil Procedure section 1094.6 applies more generally to challenges to local agency decisions concerning such subjects as the revocation of permits and licenses, adverse employment decisions, and the imposition of administrative penalties. (Code Civ. Proc., § 1094.6, subd. (e).) Subdivision (b) of section 1094.6 provides that a writ petition must be filed within 90 days after the challenged decision becomes final. But if the petitioner files a written request for preparation of the administrative record within 10 days after the decision becomes final, the limitations deadline is extended 90 days from petitioner's receipt of the record. (Code Civ. Proc., § 1094.6, subd. (d).)

■ We conclude that Government Code section 65009 applies more specifically to this particular challenge to the City's variance decision. Under settled rules of statutory construction, a specific statute controls over a more general statute. (*People v. Honig* (1996) 48 Cal.App.4th 289, 328 [55 Cal.Rptr.2d 555]; accord, *People v. Superior Court (Jimenez)* (2002) 28 Cal.4th 798, 808 [123 Cal.Rptr.2d 31, 50 P.3d 743].) Accordingly, Government Code section 65009 establishes the applicable limitation period, and Code of Civil Procedure section 1094.6 does not operate to extend the limitations deadline on these particular facts.[2]

Contrary to the Okasakis' argument, our holding does not encourage local agencies to delay or withhold administrative records and transcripts. Other remedies are available to address such concerns. Our holding merely reinforces the legislative intent that a challenge to certain local zoning or planning decisions must be filed and served quickly to provide certainty for property owners and local governments. (*Honig v. San Francisco Planning Dept., supra*, 127 Cal.App.4th at p. 526.)

The Okasakis' failure to file their writ petition within the 90-day limitations period established by section 65009, subdivision (c)(1)(E), bars relief on the first and second causes of action. ·

---

[2] The trial court noted that Code of Civil Procedure section 1094.6 expressly provides that it does not prevail over another conflicting statute with a shorter limitations period. (Code Civ. Proc., § 1094.6, subd. (g).) The trial court concluded that Government Code section 65009 has a limitations period "shorter" than Code of Civil Procedure section 1094.6. But the Okasakis disagree, arguing that both statutes provide for a 90-day limitations period. The City counters that Government Code section 65009 has a shorter limitations period because it does not allow for extensions. We need not resolve this disagreement here, however, because we conclude that Government Code section 65009 applies more specifically to this particular challenge to the City's variance decision.

## DISPOSITION

The judgment is affirmed. The City shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

Robie, Acting P. J., and Butz, J., concurred.