**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 17 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENNETH GIBBS, | No. 17-15233 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-00731-TEH |
| v. | |
| T. FARLEY; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Thelton E. Henderson, District Judge, Presiding

Submitted May 15, 2018**

Before:     SILVERMAN, BEA, and WATFORD, Circuit Judges.

California state prisoner Kenneth Gibbs appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging excessive force

and failure to protect claims. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo a district court's dismissal on the basis of the applicable statute of

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

limitations. *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007). We affirm.

The district court properly dismissed Gibbs's action as time-barred because, even with the benefit of tolling during the pendency of the administrative exhaustion process, Gibbs failed to file his action within the applicable statute of limitations. *See* Cal. Civ. Proc. Code § 335.1 (imposing two-year statute of limitations for personal injury claims); *Canatella*, 486 F.3d at 1132-33 (forum state's personal injury statute of limitations and tolling laws apply to § 1983 actions; federal law determines when a civil rights claim accrues, which is "when the plaintiff knows or has reason to know of the injury which is the basis of the action" (citation and internal quotation marks omitted)); *Brown v. Valoff*, 422 F.3d 926, 942-43 (9th Cir. 2005) (the statute of limitations is tolled while prisoner completes the administrative exhaustion process).

We reject as without merit Gibbs's contention that he is entitled to equitable tolling and equitable estoppel. *See Wood v. Elling Corp.*, 572 P.2d 755, 759 (Cal. 1977) (equitable tolling based on successive claims in same forum permitted only where, *inter alia*, the trial court erroneously dismissed first action and dilatory tactics by defendant prevented disposition of the first action in time to permit filing of second action within the limitations period); *Honig v. S.F. Planning Dep't*, 25 Cal. Rptr. 3d 649, 655 (Ct. App. 2005) (setting forth elements of equitable estoppel

17-15233

under California law).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Appellees' motion to take judicial notice (Docket Entry No. 25) is granted.

**AFFIRMED.**