

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHIRLEY PIATT; et al.,

    Plaintiffs-Appellants,

v.

THE MONEY STORE; et al.,

    Defendants-Appellees.

No. 19-55780

D.C. No.
2:18-cv-01291-ODW-PLA

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted June 1, 2020
Pasadena, California

Before: RAWLINSON and N.R. SMITH, Circuit Judges, and KORMAN,[**]
District Judge.

Plaintiffs appeal the district court's dismissal of all of their individual and

putative class claims against Defendants. We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

1. The district court did not err in finding that res judicata barred Plaintiffs' claims related to the improper collection of attorneys' fees and expenses. "Basic principles of res judicata . . . apply" with equal force in the class action context. *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984). As to the elements of res judicata, Plaintiffs only contest whether there is "an identity of claims" between the actions. *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011) (citation omitted).

In determining whether there is an identity of claims, courts most importantly consider the factor whether the two suits arise out of "the same transactional nucleus of fact." *Id.* at 1151. The "Fee-Split Class" claims in *Mazzei v. Money Store, Inc.*, 288 F.R.D. 45, 62 (S.D.N.Y. 2012), and Plaintiffs' claims related to the collection of improper attorneys' fees and expenses arise out of the same transactional nucleus of fact. In both actions, class members sought to recover damages based on attorneys' fees improperly charged to borrowers by the same defendants under the same or similar loan documents, including on the basis that attorneys' fees were shared with a non-attorney entity. Because these claims are related to the same set of facts, they could have been conveniently tried together in the *Mazzei* action. *See Int'l Union of Operating Eng'rs–Emp'rs Constr. Indus. Pension, Welfare & Training Tr. Funds v. Karr*, 994 F.2d 1426, 1429 (9th

Cir. 1993). Thus, the district court correctly found an identity of claims between Plaintiffs' individual and putative class claims related to the collection of improper attorneys' fees and the jury verdict in *Mazzei*.

2.     Neither equitable tolling nor any other tolling or delayed-accrual theory saves Plaintiffs' otherwise time-barred claims related to the payment of post-acceleration late fees.[1] First, California's equitable tolling doctrine is not available to toll successive class claims based on a prior class-action suit. *See Fierro v. Landry's Rest. Inc.*, 244 Cal. Rptr. 3d 1, 4 (Ct. App. 2019).

Second, Plaintiffs failed to adequately allege facts to support application of equitable tolling to their individual late-fee claims. For equitable tolling to apply, Plaintiffs were required to allege facts showing, in part, their "good faith and reasonable conduct in filing the second claim." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993). Plaintiffs' conclusory allegations that they "proceeded reasonably and in good faith" by relying on the previously certified late-fee class in *Mazzei*, are undermined by other allegations in the Second

---

[1] Plaintiffs argue for the first time on appeal that it is not apparent from the face of the complaint that the statute of limitations on all of the putative class members claims have expired. This argument is waived. *See Robinson v. Am. Home Mortg. Servicing, Inc. (In re Mortg. Elec. Registration Sys., Inc.)*, 754 F.3d 772, 780 (9th Cir. 2014).

3

Amended Complaint ("SAC") that show Plaintiffs are attempting to relitigate the merits of the *Mazzei* action.

Third, the district court correctly determined that Plaintiffs failed to allege facts sufficient to support the application of the discovery rule. The SAC contains no allegations demonstrating Plaintiffs' inability to discover the improper fees despite the exercise of reasonable diligence. *See Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 920–21 (Cal. 2005).

Fourth, the district court correctly determined that Plaintiffs failed to adequately allege facts supporting the application of equitable estoppel. There are no allegations in the SAC identifying any conduct by Defendants that purportedly "induced the [P]laintiff[s] to postpone filing the legal action until after the statute[s] [of limitation] ha[d] run." *Honig v. S.F. Planning Dep't*, 25 Cal. Rptr. 3d 649, 655 (Ct. App. 2005) (citation omitted).

Finally, the district court did not err in finding that Plaintiffs failed to allege sufficient facts to support application of the fraudulent concealment doctrine. For fraudulent concealment to apply, a plaintiff must allege facts showing, *inter alia*, "that the plaintiff was not at fault for failing to discover [the fraud] or had no actual or presumptive knowledge of facts sufficient to put him on inquiry." *Baker v. Beech Aircraft Corp.*, 114 Cal. Rptr. 171, 175 (Ct. App. 1974). In doing so,

4

Plaintiffs were required (but failed) to allege facts in their SAC showing "that[,] in the exercise of reasonable diligence[,] the facts could not have been discovered at an earlier date." *Id.*

3. The district court correctly determined that Plaintiffs' California unfair competition law ("UCL") claims were barred by the statute of limitations. To the extent that the *Mazzei* action equitably tolled any putative class member's UCL claim, any such tolling ceased when the *Mazzei* court declined to certify the UCL subclasses in 2012. *See Lantzy v. Centex Homes*, 73 P.3d 517, 523 (Cal. 2003). Thus, Plaintiffs' UCL claims expired no later than 2016. *See* Cal. Bus. & Prof. Code § 17208. Because Plaintiffs did not file the instant suit until 2018, Plaintiffs' UCL claims are time barred.

4. The district court did not abuse its discretion by denying Plaintiffs leave to amend their late-fee claims where Plaintiffs previously failed to cure defects in their complaint, *see Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1045 (9th Cir. 2015), and Plaintiffs made a strategic choice not to raise their theories of equitable estoppel, fraudulent concealment, and the discovery rule prior to filing their SAC, *see Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986).

**AFFIRMED.**