Filed 6/7/22 Lance Jay Robbins Paloma Partnership v. City of Los Angeles CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| LANCE JAY ROBBINS PALOMA PARTNERSHIP et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> CITY OF LOS ANGELES, <br><br> Defendant and Respondent. | G059744 <br><br> (Super. Ct. No. 30-2020-01157399) <br><br> O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Melissa R. McCormick, Judge. Affirmed.

Law Offices of Thomas A. Nitti, Thomas A. Nitti and Andrew Kavros for Plaintiffs and Appellants.

Michael N. Feuer, City Attorney, Terry Kaufmann Macias, Assistant City Attorney, Amy Brothers and Patrick Hagan, Deputy City Attorneys, for Defendant and Respondent.

\*        \*        \*

In December 2018, the City of Los Angeles (the City) adopted ordinance No. 185931 (the Short-term Rental Ordinance) which places restrictions on short-term rental units in the City. In June 2019, Lance Jay Robbins Paloma Partnership (Paloma) and Lance Robbins brought a petition for writ of mandate (the Petition) alleging the Short-term Rental Ordinance was illegal on its face within an area called the Venice coastal zone because the City had violated the California Coastal Act of 1976 (the Coastal Act) (Pub. Resources Code, § 3000 et seq.) by not first obtaining a coastal development permit (CDP).

The issue presented by this appeal is whether the 90-day statute of limitations of Government Code section 65009, subdivision (c)(1) (section 65009(c)(1)) or the three-year statute of limitations of Code of Civil Procedure section 338, subdivision (a) (section 338(a)) governs the Petition. Under section 65009(c)(1)(B), an action to "attack, review, set aside, void, or annul the decision of a legislative body to adopt or amend a zoning ordinance" must be commenced and served within 90 days "after the legislative body's decision" (§ 65009(c)(1). Code of Civil Procedure section 338(a) establishes a three-year statute of limitations for "an action upon a liability created by statute, other than a penalty or forfeiture."

The Petition was filed and served more than 90 days after, but within three years of, the date on which the Short-term Rental Ordinance was adopted. Thus, if section 65009(c)(1) governs, then the Petition is time-barred; if section 338(a) governs, then the Petition was timely filed.

The trial court concluded section 65009(c)(1) governed and sustained without leave to amend a demurrer brought by the City. Exercising de novo review, we reach the same conclusion: the Petition was an effort to attack, review, set aside, void, or annul the City's decision to pass the Short-term Rental Ordinance and therefore was time-barred pursuant to section 65009(c)(1). In so concluding, we agree with *Coastal Act*

*Protectors v. City of Los Angeles* (2022) 75 Cal.App.5th 526 (*Coastal Act Protectors*), an opinion from Division Four from the Second Appellate District, which likewise concluded a petition challenging the Short-term Rental Ordinance on the ground it was adopted in violation of the Coastal Act was time-barred pursuant to section 65009(c)(1).[1] We therefore affirm the judgment of dismissal.

ALLEGATIONS

The Petition has both factual allegations and citations to legal authority. We accept as true all facts alleged in the Petition. (*Pineda v. Williams-Sonoma Stores, Inc.* (2011) 51 Cal.4th 524, 528.)

On December 11, 2018, the City's council passed the Short-Term Rental Ordinance which, according to the Petition, bans all short-term rentals of nonprimary residences anywhere in the City.[2] The Short-term Rental Ordinance went into effect on July 1, 2019.

Paloma owns property and Robbins owns a single-family home in the Venice coastal zone within the City. The home is not Robbins's primary residence. Both properties are within the coastal zone defined by Public Resources Code section 30103,

---

[1] In response to our invitation, the parties submitted letter briefs on the effect *Coastal Act Protectors* may have on this appeal. The letter brief submitted by Paloma and Robbins is not limited to that issue but is, in effect, a supplemental brief that includes arguments not made in the appellants' opening brief or the appellants' reply brief. We consider only those parts of the letter brief submitted by Paloma and Robbins that address the issue identified in our order for supplemental briefing.

[2] The Petition did not quote or incorporate the Short-term Rental Ordinance. Although the allegation that the Short-term Rental Ordinance bans all short-term rental units in the City appears to be inaccurate (see *Coastal Act Protectors, supra,* 75 Cal.App.5th at p. 528), the City does not dispute the ordinance does ban all short-rentals of nonprimary residences within the Venice coastal zone.

which is part of the Coastal Act. Until the Short-term Rental Ordinance became effective on July 1, 2019, both properties had been used for short-term rentals.

Under the Coastal Act, any person "wishing to perform or undertake any development in the coastal zone" must obtain a CDP. (Pub. Resources Code, § 30600, subd. (a).) The word "'development'" is defined to include "change in the density or intensity of use of land." (*Ibid.*) The Petition alleged the Short-term Rental Ordinance constitutes a development under the Coastal Act and, "[a]n expansive interpretation of 'development' is consistent with the mandate that the Coastal Act is to be 'liberally construed to accomplish its purposes and objectives.'" (*Pacific Palisades Bowl Mobile Estates, LLC v. City of Los Angeles* (2012) 55 Cal.4th 783, 796.)

The California Coastal Commission (the Coastal Commission) is the entity primarily responsible for implementing the provisions of the Coastal Act. (Pub. Resources Code, § 30330; see *Marine Forests Society v. California Coastal Com.* (2005) 36 Cal.4th 1, 20.) The Coastal Commission is responsible for issuing CDP's unless a local government has a certified local coastal program (LCP). The Coastal Act requires each local government lying at least in part within the coastal zone to prepare an LCP (Pub. Resources Code, § 30500) "designed to promote the [Coastal Act]'s objectives of protecting the coastline and its resources and of maximizing public access" (*Pacific Palisades Bowl Mobile Estates, LLC v. City of Los Angeles, supra*, 55 Cal.4th at p. 794). "Once the California Coastal Commission certifies a local government's program, and all implementing actions become effective, the commission delegates authority over coastal development permits to the local government." (*Ibid*.)

The Petition alleged the City "failed to adopt an LCP as required by the Coastal Act." As a consequence, a CDP issued by the Coastal Commission would be necessary for any development within the City's coastal zone.

The Petition alleged the Coastal Commission in December 2016 issued a policy statement on the regulation of short-term rental units within the coastal zone. The

4

policy statement, quoted in the Petition, concludes: "'The regulation of short-term/vacation rentals represents a change in the intensity of use and of access to the shoreline, and thus constitutes development to which the Coastal Act and LCPs must apply. We do not believe that regulation outside of that LCP/CDP context (e.g. outright vacation rental bans through other local processes) is legally enforceable in the coastal zone, and we strongly encourage your community to pursue vacation rental regulation through your LCP. [¶] [T]he Commission has not historically supported blanket vacation rental bans under the Coastal Act, and has found such programs in the past not to be consistent with the Coastal Act.'"

The Petition alleged the Short-term Rental Ordinance "violates several provisions of law" including the Coastal Act and the Venice Land Use Plan (the Petition did not allege what the Venice Land Use Plan is or requires). The Petition alleged the Short-term Rental Ordinance is illegal within the Venice coastal zone because a ban on short-term rental units constitutes a development under the Coastal Act and "[t]he City failed to obtain a CDP prior to passing the [Short-term Rental] Ordinance."

PROCEDURAL HISTORY

Paloma and Robbins filed the Petition on June 28, 2019, over six months after the City adopted the Short-term Rental Ordinance. The Petition was personally served on the City on August 30, 2019. The Petition, originally filed in Los Angeles County, was ordered transferred to Orange County.

The Petition asserted four causes of action: (1) traditional mandate, (2) declaratory relief, (3) injunctive relief, and (4) civil fines under the Coastal Act. In the first and second causes of action, the Petition alleged the Short-term Rental Ordinance is illegal. The third cause of action alleged "[t]he illegality of the City's [Short-term Rental] Ordinance in the Venice coastal zone is clear from the face of the pleadings," and

5

the fourth cause of action alleged the City "violated the Coastal Act" by adopting the Short-term Rental Ordinance.

The City brought a demurrer to the Petition on the ground it was time-barred under the 90-day limitations period of section 65009(c)(1). The City filed a request for judicial notice of the text of the Short-term Rental Ordinance and other documents related to its adoption. Paloma and Robbins filed opposition and a late-filed supplemental opposition. In the opposition, and at the hearing on the demurrer, counsel for Paloma and Robbins requested leave to amend.

The trial court sustained the demurrer without leave to amend on the ground the Petition was time-barred under section 65009(c)(1). The court exercised its discretion to consider the supplemental opposition but concluded it did not change the court's analysis. The court denied the City's request for judicial notice except for the proof of service of the Petition. Paloma and Robbins timely appealed from a judgment of dismissal.

## DISCUSSION

### I. Standard of Review

We independently review a ruling on a demurrer and determine de novo whether the pleading alleges facts sufficient to state a cause of action. (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415.) Construing the allegations in a reasonable manner, we assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded and matters of which judicial notice can and has been taken. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) The determination of which statute of limitations applies to a particular cause of action is a legal issue reviewed de novo. (*Coastal Act Protectors, supra*, 75 Cal.App.5th at p. 531.)

6

## II. The Petition Is Time-barred Under Section 65009(c)(1)

### A. *Section 65009(c)(1), not Section 338(a), Governs*

Mandamus proceedings brought under Code of Civil Procedure section 1085 are subject to statutes of limitations that are determined "depend[ing] on the right or obligation sought to be enforced." (*Howard Jarvis Taxpayers Assn. v. City of La Habra* (2001) 25 Cal.4th 809, 821; see *Green v. Obledo* (1981) 29 Cal.3d 126, 141, fn. 10.) Paloma and Robbins argue the three-year statute of limitation of section 338(a) governs the Petition because the right or obligation sought to be enforced was based on the Coastal Act; that is, the City violated the Coastal Act by adopting the Short-term Rental Ordinance without obtaining a CDP. We reject that argument and conclude the 90-day statute of limitations of section 65009(c)(1) controls.

Government Code section 65009 is intended "'to provide certainty for property owners and local governments regarding decisions made pursuant to this division' (§ 65009, subd. (a)(3)) and thus to alleviate the 'chilling effect on the confidence with which property owners and local governments can proceed with projects' [citation] created by potential legal challenges to local planning and zoning decisions." (*Travis v. County of Santa Cruz* (2004) 33 Cal.4th 757, 765 (*Travis*).)

To effectuate the legislative purpose, section 65009(c)(1) establishes a short, 90-day statute of limitations for actions challenging several types of local planning and zoning decisions. (*Travis, supra*, 33 Cal.4th at p. 765.) As relevant here, section 65009(c)(1) reads: "Except as provided in subdivision (d), no action or proceeding shall be maintained in any of the following cases by any person unless the action or proceeding is commenced and service is made on the legislative body within 90 days after the legislative body's decision: [¶] . . . [¶] (B) To attack, review, set aside, void, or annul the decision of a legislative body to adopt or amend a zoning ordinance." (§ 65009(c)(1)(B).)

Section 338(a) establishes a three-year statute of limitations for "an action upon a liability created by statute, other than a penalty or forfeiture." Section 338(a) governs "[a]n action to enforce a statutory obligation." (*Urban Habitat Program v. City of Pleasanton* (2008) 164 Cal.App.4th 1561, 1578 (*Urban Habitat*).)

Which statute of limitations governs depends on whether the zoning ordinance under challenge was adopted before or after the allegedly conflicting statute. "In a facial challenge to a zoning ordinance based on *preexisting* statutes or the Constitution, plaintiffs are limited, under section 65009, subdivision (c)(1)(B), to 90 days *from the ordinance's adoption*, which is the first time such a challenge could be brought." (*Travis, supra*, 33 Cal.4th at p. 774, first italics added.) "When the challenge is instead based on a *later enacted* state statute, the limitations period (under Code Civ. Proc., § 338, subd. (a)) also runs, as we hold above, from the first time the challenge could be brought, i.e., the initial accrual of the cause of action." (*Ibid.*, italics added.)

In *Travis*, the California Supreme Court addressed a facial challenge to a county zoning ordinance on the ground it was preempted by later-enacted state statutes. The plaintiffs contended section 65009(c)(1) did not apply because their challenge was not to the adoption of the ordinance but to the county's failure to repeal or amend the ordinance, and the county's continued enforcement of it, after the ordinance's preemption by later-enacted state law. (*Travis, supra,* 33 Cal.4th at pp. 771-772.) The Supreme Court agreed and concluded the statute of limitations of section 338(a) applies to a claim that an ordinance has been preempted by a later-enacted state law. (*Travis, supra,* 33 Cal.4th at pp. 772-773, 776.) The Supreme Court reasoned: "Plaintiffs, in claiming the County has breached a duty to bring its zoning code into compliance with later enacted state law, are not complaining of the Ordinance's *adoption* but of the Board's failure, since the enactment of [the new state laws], to repeal the Ordinance or amend it to conform to state law." (*Id.* at p. 772.) A challenge to the ordinance based on a conflict

8

with later-enacted state law could not have been brought withing 90 days of the ordinance's effective date. (*Id*. at p. 773.)

The Supreme Court clarified its holding by explaining that section 65009(c)(1) would apply if an ordinance is challenged based on law in existence when the ordinance was passed: "Lest our holding be misunderstood . . . we emphasize it applies only to claims of preemption by statutes enacted *after the Ordinance's adoption*, and not to statutory or constitutional provisions already in force at the time the Ordinance was adopted. As the constitutional protections against taking of property without just compensation [citations] were already in existence when the County adopted the Ordinance, a facial attack on the Ordinance as a taking of property would be an action to 'attack, review, set aside, void, or annul the decision of a legislative body to adopt . . . a zoning ordinance' (§ 65009, subd. (c)(1)(B)), subject to the 90-day statute of limitations." (*Travis, supra*, 33 Cal.4th at pp. 772-773, fn. 9.)

Two other opinions illustrate the difference between challenges based on preexisting and later-enacted statutes and support our conclusion that section 65009(c)(1) governs the Petition. In *Urban Habitat*, the City of Pleasanton (Pleasanton) adopted a "Housing Element," which was required by California's Housing Element Law (Gov. Code, § 65580 et seq.). (*Urban Habitat, supra*, 164 Cal.App.4th at p. 1567.) In a petition for writ of mandate, a nonprofit corporation challenged Pleasanton's Housing Element on the ground it did not comply with the Housing Element Law. (*Id*. at pp. 1567-1568.) The nonprofit corporation also alleged that local legislation enacted in 1996 rendered it impossible in 2006 for Pleasanton to comply with state-mandated "Regional Housing Needs Allocation" and that Pleasanton's Housing Element discriminated against low-income families with children. (*Id*. at pp. 1566, 1568-1569.) Those allegations were parsed into eight causes of action. (*Id*. at pp. 1574, 1578-1579.) The trial court sustained Pleasanton's demurrer without leave to amend on the ground

9

every cause of action was time-barred under either section 338(a) or Government Code section 65009. (*Urban Habitat*, at p. 1570.)

The Court of Appeal affirmed as to the fifth and sixth causes of action and otherwise reversed. (*Urban Habitat, supra*, 164 Cal.App.4th at p. 1567.) Relevant here is the court's discussion of the fourth through eighth causes of action. The fourth cause of action alleged Pleasanton failed to carry out the mandatory duties imposed by its own Housing Element. (*Id.* at p. 1578.) The Court of Appeal concluded the fourth cause of action was governed by section 338(a) rather than section 65009(c)(1) because "[a] failure to comply with duties allegedly imposed by law is neither an 'action' nor a 'decision' and, therefore, does not fall under section 65009." (*Urban Habitat*, at p. 1578.) The fifth cause of action, which alleged Pleasanton's Housing Element did not comply with the Housing Element Law, and the sixth cause of action, which alleged Pleasanton's Housing Element violated the Least Cost Zoning Law (Gov. Code, § 65913 et seq.), were subject to Government Code section 65009, subdivision (d). (*Urban Habitat*, at pp. 1578-1579.) Both the fifth and sixth causes of action alleged Pleasanton's Housing Element was unlawful upon adoption because it violated pre-existing law. (*Ibid*.) The seventh and eighth causes of action, which alleged unlawful housing discrimination under the California Fair Employment and Housing Act (Gov. Code, § 12900 et seq.), were subject to section 338(a) because those causes of action did not arise upon adoption of Pleasanton's Housing Element but out of later events. (*Urban Habitat*, at pp. 1579-1580.)

In *1305 Ingraham, LLC v. City of Los Angeles* (2019) 32 Cal.App.5th 1253 (*1305 Ingraham*) the appellant brought a petition for writ of mandate challenging a project permit compliance review determination on the ground it violated a municipal code provision requiring a hearing before the planning commission. (*Id.* at p. 1255.) The trial court sustained a demurrer without leave to amend on the ground the petition was time-barred under section 65009(c)(1). (*1305 Ingraham*, at pp. 1258-1259.)

10

The Court of Appeal agreed with the trial court and affirmed. (*1305 Ingraham*, *supra*, 32 Cal.App.5th at p. 1266.) The Court of Appeal addressed *Urban Habitat* and distinguished the treatment of the fourth cause of action in that opinion on the ground it did not involve a "discrete permitting decision" but concerned "a city's alleged failure to comply with a law requiring the city to enact zoning regulations by a deadline set several years out." (*1305 Ingraham*, at p. 1266.) In contrast, in *1305 Ingraham* the appellant's challenge to the project permit compliance review determination was "an effort to 'attack, review, set aside, void, or annul' a specific determination" and therefore was subject to section 65009(c)(1). (*1305 Ingraham*, at p. 1266.) The Court of Appeal also noted that if section 338(a) were applicable "in a broad sense," section 65009(c)(1) would control nonetheless because it is the more specific and shorter statute of limitations. (*1305 Ingraham*, at p. 1266.)

In *Coastal Act Protectors*, *supra*, 75 Cal.App.5th 526, the Court of Appeal faced a challenge to the Short-term Rental Ordinance similar to one made by Paloma and Robbins. The petitioner in *Coastal Act Protectors*, like Paloma and Robbins, alleged in a petition for writ of mandate the Short-term Rental Ordinance was illegal and unenforceable within the Venice coastal zone because the City had failed to obtain a CDP before implementing the ordinance. (*Id*. at p. 530.) Relying on *Travis*, *Urban Habitat*, and *1305 Ingraham*, the court held the petition was subject to the 90-day limitations period of section 65009(c)(1). (*Coastal Act Protectors*, at pp. 531-533.) The *Coastal Protectors* court concluded: "The Coastal Act, including its CDP requirements, predates the [Short-term Rental] Ordinance. Thus, even assuming the City had a mandatory duty to obtain a CDP for application of the [Short-term Rental] Ordinance to residences within the Venice coastal zone . . . that duty existed at the time the City enacted the [Short-term Rental] Ordinance. [The] petition, therefore, is an action to 'attack, review, set aside, void, or annul' the City's decision to adopt a zoning ordinance applicable to the Venice coastal zone without first obtaining a CDP." (*Coastal Act Protectors*, at pp. 532-533.)

11

B. *The Petition Makes a Facial Challenge to a Zoning Ordinance Based on Preexisting Statutes*

The Petition was subject to section 65009(c)(1) because it made "a facial challenge to a zoning ordinance based on preexisting statutes." (*Travis, supra*, 33 Cal.4th at p. 774.)[3] The Petition alleged the City's Short-term Rental Ordinance is illegal and was illegal upon its adoption because the City had not complied with the Coastal Act, which predated the ordinance by 42 years. If the City had a duty to obtain a CDP in order to adopt the Short-term Rental Ordinance, that duty would have been breached, and the ordinance rendered illegal, upon its adoption by the City's council. (See *Coastal Act Protectors, supra*, 75 Cal.App.5th at p. 533.) Paloma and Robbins alleged the Short-term Rental Ordinance was illegal on its adoption, and not due to a subsequent event or later-enacted law, and, therefore, their challenge to the ordinance could have been brought within 90 days of the date of the City's decision. (See *Travis, supra*, 33 Cal.4th at p. 773.)

Whatever injury Paloma and Robbins might have suffered was due to the adoption of the Short-term Rental Ordinance: It was adoption of the Short-term Rental Ordinance, not the failure to obtain a CDP, which prohibited Paloma and Robbins from using their properties as short-term rental units. The injury complained of — the inability to use property for short-term rentals — thus arose "*solely* from a law's enactment" (*Travis, supra*, 33 Cal.4th at p. 768), with the consequence that Paloma and Robbins had 90 days from the date of adoption of the Short-term Rental Ordinance to file and serve the Petition.

The Petition therefore was an effort to "attack, review, set aside, void, or annul the decision" (§ 65009(c)(1)(B)) of the City's council to adopt the Short-term

---

[3] Paloma and Robbins's challenge to the Short-term Rental Ordinance is properly characterized as facial because "it 'considers only the text of the measure itself, not its application to the particular circumstances of an individual.'" (*Travis, supra*, 33 Cal.4th at p. 767.)

Rental Ordinance and was subject to the 90-day limitations period of section 65009(c)(1). The Petition could and should have been brought within 90 days of the decision by the City's council to adopt the Short-term Rental Ordinance. The Petition was time-barred because it was not filed within that time frame.

### C. *No Continuous Accrual*

Paloma and Robbins argue the Short-term Rental Ordinance, as applied within the coastal zone of the City, is "akin to the tort of nuisance, with a continuous and recurring nature."[4] Interpreting section 65009(c)(1) as subject to continuous accrual for zoning decisions would read the 90-day limitations period out of existence. Such an interpretation of Government Code section 65009 would therefore violate the principle that "'[a]n interpretation that renders statutory language a nullity is obviously to be avoided'" (*Tuolumne Jobs & Small Business Alliance v. Superior Court* (2014) 59 Cal.4th 1029, 1039) and thwart the express legislative purpose of "provid[ing] local governments with certainty, after a short 90-day period for facial challenges, in the validity of their zoning enactments and decisions" (*Travis, supra*, 33 Cal.4th at p. 774).

### D. *No Leave to Amend*

Paloma and Robbins do not argue the trial court erred by denying them leave to amend and do not explain in their appellate briefs how they could have amended the Petition to bring it within the 90-day limitations period. We therefore need not address whether the trial court abused its discretion by denying leave to amend. (*Schifando v. City of Los Angeles, supra*, 31 Cal.4th at p. 1081.)

---

[4] Paloma and Robbins did not present this argument to the trial court. We exercise our discretion to address the argument because it raises a pure issue of law. (*RN Solution, Inc. v. Catholic Healthcare West* (2008) 165 Cal.App.4th 1511, 1518.)

## DISPOSITION

The judgment is affirmed. Respondent to recover costs on appeal.


SANCHEZ, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


GOETHALS, J.