Filed 6/29/23; certified for publication 7/27/23 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| JANE DOE #21 (S.H.) et al.,<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>CFR ENTERPRISES, INC., et al.,<br><br>    Defendants and Respondents. | A163543<br><br>(San Mateo County<br>Super. Ct. No. 19CIV00392) |
| JANE DOE #4 (D.T.),<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>DESERT VENTURES SOUTH, LLC,<br><br>    Defendant and Respondent. | (San Mateo County<br>Super. Ct. No. 19CIV04095) |
| JANE DOE #9 (J.C.) et al.,<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>RME CLINICS, INC., et al.,<br><br>    Defendants and Respondents. | (San Mateo County<br>Super. Ct. No. 19CIV05035) |

In 2019, several dozen plaintiffs sued Massage Envy Franchising, LLC (a franchisor) and Massage Envy franchisees alleging that as adults they were sexually assaulted by massage therapists at Massage Envy locations in

California between August 2003 and November 2014.  This is an appeal by 18 of those plaintiffs from judgments entered against them after demurrers were sustained without leave to amend on the ground that the applicable statutes of limitations barred all their claims.  Just as the appellate briefing was about to be completed, the Governor approved Assembly Bill No. 2777, which amended section 340.16 of the Code of Civil Procedure to revive certain claims that relate to sexual assault.  (Stats. 2022, ch. 442, § 3, eff. Jan. 1, 2023.)  After plaintiffs argued in their reply brief that the new statute revived all their claims, we asked for and received supplemental briefing from the parties on the effect of the new law.

It is clear that the new law revives some, if not all, of plaintiffs' claims.  But it is impossible for us to fairly say more at this point, because the operative complaints and the demurrers at issue were drafted before the revival statute was enacted.  We shall reverse the judgment of dismissal and remand to the trial court for further proceedings to give plaintiffs the opportunity to amend their complaints if necessary, and to give defendants the opportunity to make further arguments, if they so choose, regarding the effect of the revival statute on each of the causes of action brought by each of the plaintiffs in this case.

## FACTUAL AND PROCEDURAL BACKGROUND

*Allegations in Plaintiffs' Complaints*

Three separate complaints are at issue in this appeal, which is brought by 18 of the original plaintiffs.[1]  In one of the complaints, the plaintiffs

---

[1] The appellants are Jane Doe Nos. 21 (S.H.), 23 (A.H.), 25 (M.H.), 27 (R.L.), 28 (A.L.), 30 (M.M.), 33 (A.M.), 37 (M.S.), and 38 (E.L.) in superior court case No. 19CIV00392; Jane Doe No. 4 (D.T.) in case No. 19CIV04095; and Jane Doe Nos. 9 (J.C.), 10 (E.D.), 11 (T.S.), 12 (A.H.), 15 (J.M.), 16 (T.R.), 18 (L.N.), and 19 (M.M.) in case No. 19CIV05035.  The contours of this appeal

2

alleged in general terms that the defendants were aware of a "rampant problem of sexual assaults occurring at Massage Envy locations," and concealed or suppressed information about the assaults, intending that plaintiffs would buy massage services that defendants knew were unsafe. Defendants allegedly "actively prevent[ed] sexual assault . . . from being reported to law enforcement and/or state massage therapy boards," or to the public at large. And although defendants allegedly knew that their security screening of massage therapists was deficient, their background checks were below industry standards, and their massage therapists were not trained or supervised, defendants concealed this information from plaintiffs and deliberately represented the opposite, including that they had a "zero tolerance" policy relating to sexual misconduct by massage therapists, and that their massage therapists were psychologically fit, properly screened, and safe. Plaintiffs alleged they reasonably relied on defendants' false assurances that the massage services they offered were safe and free of inappropriate touching, and had no way to discover that the assurances were false, because

have been in some flux. Initially, there were 23 plaintiffs/appellants and numerous defendants/respondents. Only one of the respondents, Massage Envy Franchising, LLC, was common to all the plaintiffs. Before the opening brief was filed, three plaintiffs dismissed their appeals, leaving 20 plaintiffs. After respondents' brief was filed, another plaintiff dismissed her appeal in its entirety and the remaining 19 plaintiffs dismissed their appeals as to the common defendant. According to a letter filed by plaintiffs' counsel on May 30, 2023, 13 named defendants remained in the appeal as respondents. At oral argument, appellants' counsel informed us that one of the 19 remaining plaintiffs had settled her case and would be dismissing her appeal. The dismissal has since been entered, leaving 18 plaintiffs/appellants.

of defendants' misrepresentations, omissions, and acts of cover-up, which were designed to obtain the plaintiffs as customers.[2]

Each plaintiff in each of the three cases alleged nine causes of action: (1) negligence; (2) premises liability; (3) intentional infliction of emotional distress; (4) sexual battery (Civ. Code, § 1708.5); (5) violation of the Ralph Civil Rights Act of 1976 (Ralph Act, Civ. Code, § 51.7[3]); (6) negligent misrepresentation; (7) fraud, intentional misrepresentation, concealment, false promise; (8) violation of the Consumers Legal Remedies Act (CLRA, Civ. Code, § 1750 et seq.); and (9) fraudulent and unfair business practices in violation of the unfair competition law (UCL, Bus. & Prof. Code, § 17200 et seq.).

*Demurrers and Judgments*

Defendants demurred to the complaints based on the then-applicable statutes of limitations. They contended that plaintiffs' claims for negligence, premises liability, intentional infliction of emotional distress, sexual battery, and negligent misrepresentation were subject to a two-year limitations period governing "[a]n action for assault, battery, or injury . . . caused by the wrongful act or neglect" (Code Civ. Proc.,[4] § 335.1), and that the Ralph Act

---

[2] The three operative complaints are lengthy: one is 170 pages long, one is 100 pages, and one is 34 pages. In their appellate briefs, to the limited extent plaintiffs cite to specific allegations in the complaints, they rely primarily on just one of the three complaints. Plaintiffs assert that "identical or similar passages may be found" in the other complaints, but they do not provide citations to those passages by page number, as they are required to do by rule 8.204(a)(1)(C) of the California Rules of Court.

[3] The Ralph Act sets forth "the right to be free from any violence, or intimidation by threat of violence, committed against their persons" on account of their sex. (Civ. Code, §§ 51.7, subd. (b)(1); 51, subd. (b).)

[4] All statutory references are to the Code of Civil Procedure unless otherwise stated.

claims were subject to a three-year limitations period (§ 338, subd. (n); see also Civ. Code, § 52.4, subds. (b) & (c)), as were the claims for fraud (§ 338, subd. (d)) and violation of the CLRA. (Civ. Code, § 1783). Defendants argued that the longest applicable statute of limitations was four years, for claims of fraudulent and unfair business practices (Bus. & Prof. Code, § 17208), and that because each of the plaintiffs was allegedly assaulted more than four years before the actions were filed, the statutes had run and the claims were time-barred.[5]

After complicated pretrial proceedings not relevant for our purposes, case management orders were issued that sustained all of defendants' demurrers without leave to amend on the basis of the applicable statutes of limitations.[6] Judgments were entered in favor of defendants, and plaintiffs timely appealed.[7] While this appeal was being briefed, plaintiffs dismissed their appeals as to Massage Envy Franchising, LLC, leaving only the franchisees as respondents.

*Plaintiffs' Appeal and the Subsequent Amendment of Section 340.16 to Revive Lapsed Claims*

In their opening brief on appeal, plaintiffs argued that they adequately pleaded delayed discovery in connection with their fraud claims, with the

---

[5] None of the appellants alleged an assault after November 2014, and each of the lawsuits was filed in 2019.

[6] The court concluded that the applicable limitations period for plaintiffs' causes of action for the negligent misrepresentation period, like the limitations periods for fraud, was three years; and the limitations period on the negligent misrepresentation, fraud, and CLRA claims began to run at the time of the alleged sexual assaults.

[7] The parties stipulated that all of the judgments, which were issued on the same statute of limitations grounds by the same trial court judge, could be appealed through a single notice of appeal.

result that the statute of limitations was tolled as to all their claims. And they argued that section 340.16, as enacted in 2018 and subsequently amended through 2020, established a 10-year statute of limitations for sexual assault claims in actions filed after January 1, 2019, which rendered their claims timely.

In their respondents' brief, defendants argued that section 340.16 did not apply to plaintiffs' claims. Defendants claimed that section 340.16 prospectively enlarged the statute of limitations for tort claims arising from sexual assault, but did not revive any of the plaintiffs' claims, all of which had accrued and lapsed before section 340.16 took effect, including the fraud claims, which, defendants argued, accrued on the dates of the alleged assaults.[8] Defendants relied on section 3, which provides that "[n]o part of [the Code of Civil Procedure] is retroactive, unless expressly so declared"; on the absence of any statutory language in section 340.16 that would revive plaintiffs' claims; and on case law holding that "lapsed claims are not considered revived without express legislative language of revival." (*Quarry*

---

[8] Defendants acknowledged that the Legislature had amended section 340.16 in 2019 and 2020 to revive certain limited classes of claims pertaining to student health centers or to UCLA that would otherwise be barred by the applicable statute of limitations; these amendments had no effect on plaintiffs' claims. (See Stats. 2019, ch. 462, § 1, effective Oct. 2, 2019 [amending former subd. (c) (now subd. (c)(1)) to revive until Dec. 31, 2020, claims seeking to recover more than $250,000 "arising out of a sexual assault or other inappropriate contact, communication, or activity of a sexual nature by a physician occurring at a student health center between January 1, 1988, and January 1, 2017"]; Stats. 2020, ch. 246, § 1, effective Jan. 1, 2021 [adding subd. (d) to revive until Dec. 31, 2021 claims "seeking to recover damages arising out of a sexual assault or other inappropriate contact, communication, or activity of a sexual nature by a physician [associated with certain facilities owned and operated by UCLA] between January 1, 1983, and January 1, 2019"].)

*v. Doe I* (2012) 53 Cal.4th 945, 953; see also *Doe v. Roman Catholic Archbishop of Los Angeles* (2016) 247 Cal.App.4th 953, 962 ["[t]he only time a court will apply a limitations period enacted after the underlying wrong occurs is when the pre-amendment limitations period has not yet expired (because, in that situation, the plaintiff's claim is still viable and the new limitations period is not being applied retroactively) or . . . when the Legislature 'expressly' declares its intent to revive expired claims"].)

Then, in September 2022, after respondents filed their brief on appeal, but before appellants filed their reply, Governor Newsom approved Assembly Bill No. 2777 (2021-2022 Reg. Sess.), which amended section 340.16 to revive claims that seek to recover "damages suffered as a result of a sexual assault" occurring on or after a plaintiff's 18th birthday, provided that the claims had not been litigated to finality or compromised by a written settlement agreement before January 1, 2023. (§ 340.16, subds. (a), (b)(3), (e)(6); Stats. 2022, ch. 442, § 3, eff. Jan. 1, 2023.) In their reply brief, filed in November 2022, plaintiffs now had an entirely new argument. They contended that the judgments below should be reversed because their cases would still be pending on January 1, 2023, and Assembly Bill No. 2777 rendered all their claims timely.

We requested and received supplemental briefing from the parties addressing the effect of Assembly Bill No. 2777.

## DISCUSSION

A.    *Standard of Review*

On an appeal from a judgment of dismissal based on an order sustaining a demurrer without leave to amend, we apply the de novo standard of review. (*Honig v. San Francisco Planning Dept.* (2005) 127 Cal.App.4th 520, 524.) We assume that all material factual allegations in the

7

complaint are true. (*Ibid.*) "A demurrer is properly sustained without leave to amend where the pleading discloses on its face that the action is barred by the applicable statute of limitations." (*Ibid.*)

In determining whether section 340.16, as amended, renders plaintiffs' claims timely, we must " 'determine the Legislature's intent so as to effectuate the law's purpose.' (*People v. Murphy* (2001) 25 Cal.4th 136, 142.) 'We begin by examining the statutory language, giving it a plain and commonsense meaning. [Citation.] We do not, however, consider the statutory language in isolation; rather, we look to the entire substance of the statutes in order to determine their scope and purposes. [Citation.] That is, we construe the words in question in context, keeping in mind the statutes' nature and obvious purpose. [Citation.] We must harmonize the various parts of the enactments by considering them in the context of the statutory [framework] as a whole. [Citation.] If the statutory language is unambiguous, then its plain meaning controls. If, however, the language supports more than one reasonable construction, then we may look to extrinsic aids, including the ostensible objects to be achieved and the legislative history.' " (*Skidgel v. California Unemployment Ins. Appeals Bd.* (2021) 12 Cal.5th 1, 14.)

B.    *Analysis*

Since October 2, 2019, section 340.16 has provided that "[i]n any civil action for recovery of damages suffered as a result of sexual assault, where the assault occurred on or after the plaintiff's 18th birthday, the time for commencement of the action shall be the later of the following: [¶] (1) Within 10 years from the date of the last act, attempted act, or assault with the intent to commit an act, of sexual assault against the plaintiff. [¶] (2) Within three years from the date the plaintiff discovers or reasonably should have

8

discovered that an injury or illness resulted from an act, attempted act, or assault with the intent to commit an act, of sexual assault against the plaintiff."[9] (§ 340.16, subd. (a); Stats. 2019, ch. 462, § 1; Stats. 2020, ch. 246, § 1; Stats 2022, ch. 442, § 3.) "Sexual assault" is defined to mean any of a number of crimes described in the Penal Code, assault with the intent to commit any of those crimes, or an attempt to commit any of those crimes. (§ 340.16, subd. (b)(1); Stats. 2019, ch. 462, § 1; Stats. 2020, ch. 246, § 1; Stats 2022, ch. 442, § 3.)

Effective January 1, 2023, section 340.16 was amended in two respects to revive certain claims seeking to recover damages suffered as a result of a sexual assault that would otherwise be barred by application of a statute of limitations. (Stats. 2022, ch. 442, § 3.) The relevant revival provisions are in subdivisions (b)(3) and (e) of section 340.16, to which we now turn.

1.    *Section 340.16, subdivision (b)(3)*

As amended in 2022, section 340.16 "applies to any action described in subdivision (a) that is based upon conduct that occurred on or after January 1, 2009, and is commenced on or after January 1, 2019, that would have been barred solely because the applicable statute of limitations has or had expired. *Such claims are hereby revived and may be commenced until December 31, 2026.* This subdivision does not revive any of the following claims: [¶] (A) A claim that has been litigated to finality in a court of competent jurisdiction

---

[9] Section 340.16 was first enacted in 2018 and took effect on January 1, 2019. From January 1, 2019 through October 1, 2019, the 10-year and three-year periods were defined with reference to an "act, attempted act, or assault with intent to commit an act, of sexual assault *by the defendant* against the plaintiff." (Stats. 2018, ch. 939, § 1; italics added.) October 2, 2019 was the effective date of the amendment to section 340.16 that enlarged the statute of limitations for civil claims against defendants who were not alleged to have committed sexual assault. (Stats. 2019, ch. 462, § 1.)

before January 1, 2023.  [¶] (B)  A claim that has been compromised by a written settlement agreement between the parties entered into before January 1, 2023."  (§ 340.16, subd. (b)(3) (§ 340.16(b)(3)), italics added.)

There is no dispute that section 340.16(b)(3) revives the causes of action for sexual battery brought by the 16 plaintiffs in this case who allege they were sexually assaulted after January 1, 2009.[10]  But while the plaintiffs assert that the amendment revives all their causes of action, defendants argue that only the sexual battery causes of action are revived.

Defendants' argument is unpersuasive because it rests on their view that section 340.16(b)(3), as they put it, applies only to "any [sexual assault/battery] action described in subdivision (a)."  But the words "sexual assault/battery" have been inserted by defendants; they do not appear in section 340.16(b)(2), which by its terms "*applies to any action described in subdivision (a) that is based upon conduct that occurred on or after January 1, 2009 . . . .*"  (§ 340.16(b)(3), italics added.)  Subdivision (a) is not limited to causes of action for sexual assault/battery:  it applies to "*any civil action for recovery of damages suffered as a result of sexual assault.*"[11]  (§ 340.16, subd. (a), italics added.)  Defendants recognized this in their respondents' brief, where they observed that when section 340.16 was enacted, it enlarged the two- and three-year statutes of limitations for "tort claims arising from sexual assault occurring after a plaintiff's 18th birthday," including the Ralph Act.  And, as defendants admitted in their respondents' brief, leaving

---

[10] Only two of the 18 plaintiffs allege they were assaulted before January 1, 2009.  Jane Doe No. 18 alleges she was assaulted in March 2008, and Jane Doe No. 19 alleges she was assaulted in August 2003.

[11] Further, the causes of action permitted under subdivision (a) include "causes of action against persons or entities other than the alleged person who committed the" alleged sexual assault or battery.  (§ 340.16, subd. (b)(2).)

10

aside the causes of action for violation of the UCL, all of the plaintiffs' causes of action, "regardless of the legal theory alleged," sought "damages as a result of sexual assault."[12]  As defendants explained in their respondents' brief, "[e]ach plaintiff alleged that she experienced damages from sexual assault . . . under multiple legal theories, from negligence to fraud."

Although it is clear that section 340.16(b)(3) revives at least some of the causes of action alleged by the 16 Jane Doe plaintiffs who allege they were sexually assaulted on or after January 1, 2009, we are not prepared to hold that all their causes of action are revived, because the parties' supplemental briefs do not address the application of the amended statute to each of the causes of action alleged by each of the plaintiffs.  In particular, the parties say nothing about whether section 340.16(b)(3) revives plaintiffs' causes of action under the UCL.

In the absence of an analysis by the parties in their appellate briefs of the application of section 340.16(b)(3) to each of the causes of action alleged by the plaintiffs who allege assaults on or after January 1, 2009, we remand the matters for the trial court to address the issue in the first instance.

2.    *Section 340.16, subdivision (e)*

In addition to reviving claims by the application of newly enacted subdivision (b)(3), the 2022 amendment of section 340.16 added subdivision (e) (§ 340.16(e)), which establishes a one-year window reviving claims seeking damages suffered as a result of sexual assault where the plaintiff alleges that the defendant or defendants "engaged in a cover up or attempted a cover up

---

[12] Damages are not available under the UCL.  (*Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1134, 1144 ["[a] UCL action is equitable in nature; damages cannot be recovered"].)

11

of a previous instance or allegations of sexual assault by an alleged perpetrator of such abuse."  (§ 340.16(e)(2)(C); Stats 2022, ch. 442, § 3.)

By its terms, section 340.16(e) applies when a plaintiff alleges that they were sexually assaulted (§ 340.16(e)(2(A)); that one or more entities[13] are "legally responsible for damages arising out of the sexual assault," (§ 340.16(e)(2)(B)); and that "[t]he entity or entities, including but not limited to, their officers, directors, representatives, employees, or agents, engaged in a cover up or attempted a cover up of a previous instance or allegations of sexual assault by an alleged perpetrator of such abuse."  (§ 340.16(e)(2)(C).)  "Legally responsible" is defined as meaning that "the entity or entities are liable under any theory of liability established by statute or common law, including, but not limited to, negligence, intentional torts, and vicarious liability."  (§ 340.16(e)(4)(C).)  "Cover up" is defined as "a concerted effort to hide evidence relating to a sexual assault that incentivizes individuals to remain silent or prevents information relating to a sexual assault from becoming public or being disclosed to the plaintiff, including, but not limited to, the use of nondisclosure agreements or confidentiality agreements."  (§ 340.16(e)(4)(A).)

Unlike the revival provision in section 340.16(b)(3), section 340.16(e) applies to claims regardless of when the alleged sexual assault occurred: for plaintiffs who plead the requisite statutory allegations of a cover-up, section 340.16(e) revives until December 31, 2023 "any claim seeking to recover damages suffered as a result of a sexual assault that occurred on or after the plaintiff's 18th birthday that would otherwise be barred before January 1,

---

[13] "Entity" is defined as "a sole proprietorship, partnership, limited liability company, corporation, association, or other legal entity." (§ 340.16(e)(4)(B).)

2023, solely because the applicable statute of limitations has or had expired."[14]  (§ 340.16(e)(1).)  And section 340.16(e) by its terms revives "any related claims, including, but not limited to, wrongful termination and sexual harassment, arising out of the sexual assault that is the basis for a claim pursuant to this subdivision."  (§ 340.16(e)(5).)

For purposes of this appeal, this means that the claims of Jane Doe No. 18 and Jane Doe No. 19, who allege they were assaulted before January 1, 2009, are potentially subject to revival under section 340.16(e) even though those claims are not revived by section 340.16(b)(3).  And the claims of the other remaining plaintiffs who allege they were assaulted on or after January 1, 2009 are also potentially subject to revival by section 340.16(e), as well as section 340.16(b)(3).  The revival of claims under 340.16(e) depends upon whether plaintiffs have alleged a "cover up" under section 340.16(e)(2)(C).

In arguing on appeal that section 340.16(e) applies to them and revives their claims, plaintiffs simply assert in their supplemental brief that they alleged "knowledge and cover-up of previous sexual assaults by the franchisee defendants."  But plaintiffs do not discuss the definition of "cover up" in section 340.16(e)(4)(A) and do not demonstrate how each plaintiff alleged a "cover up" as defined in that subdivision with respect to the particular defendant entity or entities that each plaintiff claims is liable for her assault.  Nor do plaintiffs demonstrate that each plaintiff has alleged that the relevant entity's "cover up" (as defined in section 340.16(e)(4)(A)) predated her alleged assault as required by section 340.16(e)(2)(C).  Instead,

---

[14] Under section 340.16(e)(1), "a cause of action may proceed if already pending in court on January 1, 2023, or, if not filed by that date, may be commenced between January 1, 2023, and December 31, 2023."  It is undisputed that the complaints at issue in this appeal were all pending in court on January 1, 2023.

plaintiffs point to paragraphs in two of the operative complaints that are not specific as to time and that primarily concern Massage Envy Franchising, LLC, who is no longer a party to this appeal. As a result, we cannot discern whether each plaintiff has alleged that the defendant or defendants allegedly liable for her injuries "engaged in a cover up or attempted a cover up of a *previous instance* or allegations of sexual assault by an alleged perpetrator of such abuse," as the newly amended statute requires.[15]  (§ 340.16(e)(2)(C).)

None of this is particularly surprising. That is because, as we have noted plaintiffs' complaints were drafted before the 2022 amendment of section 340.16, and the amendment was enacted in the course of appellate briefing. The parties' appellate briefs include very few citations to the actual allegations in the lengthy operative complaints. Even the supplemental briefing does not differentiate among the plaintiffs as to the elements of the revival statute. For these reasons, the question whether plaintiffs' complaints survive demurrers based on the now-applicable statute of limitations and its pleading requirements is better left to the trial court to address in the first instance.

For the guidance of the trial court on remand, we briefly address defendants' assertion that plaintiffs' claims are not revived by section 340.16(e). Defendants point to section 340.16(e)(2)(C), which requires a plaintiff to allege that the legally responsible entity "engaged in a cover up or attempted a cover up of a previous instance or allegations of sexual assault by *an alleged perpetrator of such abuse*" (italics added), and urge us to

_____

[15] Defendants assert broadly and without citation to specific passages in the complaints that the only allegations of cover ups describe actions allegedly taken after the plaintiffs were assaulted. The plaintiffs dispute that assertion, but do not point us to any allegation of a cover up that clearly predated a plaintiff's alleged assault.

interpret it to require plaintiff to allege a cover up of a previous instance or allegations of sexual assault by an alleged perpetrator of such abuse *who is also the perpetrator of the abuse that is the basis for a claim pursuant to this subdivision.*

Defendants' argument is conclusory: defendants offer no discussion, analysis, or authority to support their position. We do not find it persuasive, because nothing in the language of the statute requires that the alleged cover up involve a previous instance of sexual assault by the same individual who later assaulted the plaintiff. The statutory language requires only that the plaintiff allege a cover up of a previous instance or allegations of sexual assault by "*an alleged perpetrator of such abuse.*" (§ 340.16(e)(2)(C), italics added.) Defendants' interpretation would require adding words to the statute, which we will not do. [16] (*California Cannabis Coalition v. City of Upland* (2017) 3 Cal.5th 924, 939; see § 1858 [in construing a statute the role of the court "is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or omit what has been inserted"].)

In any event, it is not clear that defendants' position as to the meaning of section 340.16(e)(2)(C) need be reached. It may be that each plaintiff has alleged, or can allege, that the entity who is allegedly liable to her engaged in

---

[16] Neither the plaintiffs nor the defendants claim that the statutory language is ambiguous, and we do not find it ambiguous. We granted plaintiffs' request for judicial notice of certain portions of the legislative history (Assem. Bill No. 2777 (2021-2022 Reg. Sess.), as filed with the Secretary of State, as well as Assem. Floor and Sen. Floor Analyses of Assem. Bill No. 2777, dated Aug. 11, 2022). We find nothing in those documents that suggests the Legislature intended section 340.16(e) to require a plaintiff to allege that defendants sought to cover up a prior assault committed by the same perpetrator who later allegedly assaulted the plaintiff.

a cover up of a previous incident of sexual abuse by her alleged assailant.  In that case, defendants' argument about the interpretation of the statute will be moot.

## DISPOSITION

The judgments are reversed.  The matters are remanded to the trial court for further proceedings consistent with this opinion.  The parties shall bear their own costs on appeal.

 

_____
Miller, J.

WE CONCUR:

_____
Stewart, P.J.

_____
Richman, J.

A163543, *Doe v. CFR Enterprises, Inc.; Doe v. Desert Ventures South, LLC; Doe v. RME Clinics Inc.*

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| JANE DOE #21 (S.H.) et al., <br><br>     Plaintiffs and Appellants, <br><br> v. <br><br> CFR ENTERPRISES, INC., et al., <br><br>     Defendants and Respondents. | A163543 <br><br> (San Mateo County <br> Super. Ct. No. 19CIV00392) |
| JANE DOE #4 (D.T.), <br><br>     Plaintiff and Appellant, <br><br> v. <br><br> DESERT VENTURES SOUTH, LLC, <br><br>     Defendant and Respondent. | (San Mateo County <br> Super. Ct. No. 19CIV04095) |
| JANE DOE #9 (J.C.) et al., <br><br>     Plaintiffs and Appellants, <br><br> v. <br><br> RME CLINICS, INC., et al., <br><br>     Defendants and Respondents. | (San Mateo County <br> Super. Ct. No. 19CIV05035) <br> ORDER GRANTING <br> PUBLICATION |

**BY THE COURT:**

The opinion in the above-entitled matter filed on June 29, 2023, was not certified for publication in the Official Reports. For good cause and

1

pursuant to California Rules of Court, rule 8.1105, it now appears that the opinion should be published in the Official Reports, and it is so ordered.



Dated: _____          _____
                                        Stewart, P.J.












A163543, Doe et al. v. CFR Enterprises, Inc., et al., Desert Ventures South, LLC, RME Clinics, Inc., et al.

Court:  San Mateo County Superior Court

Trial Judge:  Hon. Marie S. Weiner


Thompson Law Offices, Robert William Thompson; Law Office of Valerie T. McGinty, Valerie Tallant McGinty; Laffey, Bucci & Kent, Brian T. Kent, Stewart Ryan; ADZ Law, Jessica A. Dayton, for Plaintiffs and Appellants

Greines, Martin, Stein & Richland, Laurie Hepler, Jeffrey Gurrola, for Defendants and Respondents Massage Envy Franchising, LLC and ME SPE Franchising LLC

Stone & Associates, Colette F. Stone, for Defendant and Respondent OC Spa Group, Inc.

CMBG3 Law, W. Joseph Gunter, Rebecca A. Bellow, Jonathan Sayre, for Defendant and Respondent Eight Hands Four Hearts, Inc.

Chapman Glucksman Dean & Roeb, Gregory K. Sabo, Chelsea L. Zwart, for Defendant and Respondent John Choi

Gordon Rees Scully Mansukhani, David A. Serrano, Tara Santosuosso, for Defendant and Respondent Hau'Oli Ohana Oi', LLC

Bremer, Whyte, Brown & O'Meara, Eileen J. Gaisford for Defendants and Respondents Coastal Massage Channel Islands Harbor LLC, RME Clinics Inc., WMC Clinic Development and Marina Clinic Development, Inc.




A163543, Doe et al. v. CFR Enterprises, Inc., et al., Desert Ventures South, LLC, RME Clinics, Inc., et al.

3

Lewis Brisbois Bisgaard & Smith, Christopher J. Nevis, Steffanie A. Malla, Jeffrey A. Miller, for Defendants and Respondents Coastal Massage Ventura LLC and CFR Enterprises, Inc.

Perry, Johnson, Anderson, Miller & Moskowitz, David F. Beach, Oscar A. Pardo, Daphne A. Beletsis, for Defendants and Respondents Desert Ventures South, LLC and Jackal Nandan, LLC dba Massage Envy Dana Point

A163543, Doe et al. v. CFR Enterprises, Inc., et al., Desert Ventures South, LLC, RME Clinics, Inc., et al.